IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

STEPHANIE BRYANT, on behalf of　　　　　　　　　　　　　　　PLAINTIFF
herself and others similarly situated

vs.　　　　　　　　　　　　　　　　　CASE NO.: 3:16cv32CWR-FKB

FRED'S STORES OF TENNESSEE, INC.　　　　　　　　　　　　DEFENDANT

---

**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**
(Collective Action Complaint)

---

COMES NOW Plaintiff, Stephanie Bryant ("Plaintiff"), by and through counsel of record, and files this Complaint against her former employer, Defendant, Fred's Store of Tennessee, Inc. ("Defendant"), for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (the "FLSA"), and in support thereof states as follows:

## NATURE OF SUIT

1.　　The FLSA was passed by Congress in 1938. The principal Congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a Congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of

worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

3. Additionally, Plaintiff seeks a declaration of rights pursuant to Federal Rule Civil Procedure 57 and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §2201.

4. This action is intended to include each and every employee of Defendant who worked for Defendant nationwide at any time within the past three (3) years that were affected by Defendant's erroneous practice of misclassifying its purported Managers as "exempt" employees for purposes of the FLSA, which resulted in Defendant's failure to compensate Plaintiff and similarly situated employees at the proper rate of time and one half for all hours worked over forty (40) in a given workweek.

## JURISDICTION AND VENUE

5. Jurisdiction is proper as the claims are brought pursuant to the FLSA to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

6. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA, 29 U.S.C. §216(b).

7. Venue is proper in this Court because Plaintiff either worked for Defendant within this District during the relevant time period subject to this Complaint, Defendant maintained a business operation with the District, or because a substantial part of the events and/or omissions giving rise to the claims asserted herein arose in a substantial part within this District.

8. The Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

9. Plaintiff Stephanie Bryant was employed by Defendant and worked at Defendant's retail discount store in Terry, Mississippi.

10. Defendant Fred's Store of Tennessee, Inc. is a company that operates and conducts business in at numerous locations throughout Mississippi, Tennessee and other states. It is headquartered at 4300 New Getwell Road, Memphis, Tennessee 38118.

11. This action is intended to include any and all similarly situated Managers who worked for Defendant within the last three (3) years and who were likewise misclassified as an "exempt" employees for FLSA purposes by Defendant and were not paid the correct overtime rate of time and one half their regular rate of pay for hours worked by them over forty (40) hours in a workweek.

## COVERAGE

12. At all material times hereto (2013 – 2016), Plaintiff was an "employee" within the meaning of the FLSA.

13. At all material times hereto (2013 – 2016), Defendant was the "employer" of Plaintiff within the meaning of the FLSA.

14. At all material times hereto (2013 – 2016), Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

15. At all material times hereto (2013 – 2016), Defendant was, and continue to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

16. At all material times hereto (2013 – 2016), Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

17. Based upon information and belief, Defendant earned gross revenues of at least Five Hundred Thousand and 0/100 dollars ($500,000.00) per annum at all material times hereto (2013 - 2016).

18. At all material times hereto (2013 – 2016), Defendant employed two (2) or more employees engaged in interstate commerce in that said enterprise has had two (2) or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as office supplies, building maintenance supplies, tools and equipment, etc.

19. At all material times hereto (2013 – 2016), Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that they:

    a. Operated instrumentalities of commerce;

    b. Transported goods in commerce;

    c. Used channels of commerce;

    d. Communicated across state lines; and/or

    e. Performed work essential to any of the preceding activities.

20. At all material times hereto (2013 – 2016), the work performed by Plaintiff was directly essential to the business performed by Defendant.

21. At all material times hereto (2013 – 2016), Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions

were made by Defendant to properly pay Plaintiff for those hours worked in excess of forty (40) hours within a work week.

22. Defendant and its officers and agencies are responsible under the United States Constitution, federal law, and regulations for the establishment and administration of personnel, employment and compensation policies and practices and for applying to Plaintiff the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

23. Upon information and belief, a complete set of records, to the extent that any exist, concerning the number of hours worked by Plaintiff and amounts paid to Plaintiff are in the possession, custody and control of Defendant.

## **FACTUAL ALLEGATIONS**

24. Plaintiff Stephanie Bryant was employed by Defendant from approximately July of 2003 until May 27, 2015 and worked for Defendant at its retail discount store located in Terry, Mississippi and other locations in Mississippi.

25. Defendant operates a chain of approximately 700 retail discount stores in 15 states and is headquartered in Memphis, Tennessee.

26. Defendant earned at or above Five Hundred Thousand and 0/100 dollars ($500,000.00) in annual gross sales or business during the relevant time period subject to Plaintiff's Complaint.

27. Defendant purported to hire Plaintiff as an exempt manager.

28. Plaintiff was paid a salary by Defendant and was compensated at a rate of $1,980.76 bi-weekly.

29. Defendant labeled Plaintiff as an exempt salaried manager, but her actual primary duties were not directly related to management or general business operation.

30. Despite her job title and classification as a manager, Plaintiff's primarily work tasks consisted of non-exempt manual labor, such as cleaning the premises, outside landscaping, unloading trucks, stocking shelves and operating the cash register.

31. Despite her job title and classification as a manager, Plaintiff did not possess any actual authority to exercise discretion and/or exercise independent judgment in making decisions regarding matters of any significance on behalf of Defendant.

32. Plaintiff did not possess any real authority to hire or fire employees, set the work hours or pay rates of employees, direct the work of employees or discipline employees, among other things.

33. These actual management responsibilities were vested in the District Managers for Defendant who closely supervised and directed Plaintiff's work.

34. Plaintiff's District Manager, Jerry Lamb, was the actual decision maker regarding matters of significance and Plaintiff lacked discretion to deviate from the dictates of her District Manager.

35. Plaintiff was erroneously misclassified by Defendant as an exempt salaried employee to avoid any obligation to pay overtime at a rate of time and one half to Plaintiff.

36. Plaintiff routinely worked over forty (40) hours per week for Defendant.

37. Plaintiff typically worked between approximately seventy (70) to eighty (80) hours per week and on occasion worked over one hundred (100) hours in a workweek.

38. The hours actually worked by Plaintiff also includes hours that she was required to perform post-shift work and perform work during her lunch break.

39. Unscheduled work was performed during these same periods by other similarly situated managers as well.

40. Defendant was aware of the fact that Plaintiff worked significant overtime hours on a weekly basis.

41. Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff overtime compensation at a rate of time and a half her regular rate of pay for hours worked over forty (40) in a workweek.

42. Defendant has also employed and is currently employing other misclassified individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff and the class members.

43. Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff and those similarly situated to her overtime compensation at a rate of time and a half their regular rate of pay for hours worked over forty in a workweek.

44. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff.

45. Defendant knowingly and willfully failed to fulfill its record keeping requirements with regard to Plaintiff under 29 C.F.R. 516.

46. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

## COLLECTIVE ACTION ALLEGATIONS

47. Plaintiff and the class members performed the same or similar job duties as one another in that they provided that they were dubbed managers by Defendant and performed labor for Defendants.

48. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were paid an hourly rate of pay and were not compensated at least the statutory minimum wage for all hours worked by them, and they were not compensated at a rate of at least time-and-one-half their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek during the time period when they were misclassified as exempt employees.

49. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

50. Defendant's failure to compensate employees for hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that its managers are paid for overtime hours worked based on the Defendant's erroneous misclassification of its managers as exempt employees.

51. These policies or practices were applicable to Plaintiff and the class members.

52. Application of these policies or practices does not depend on the personal circumstances of Plaintiff or those joining this lawsuit.

53. Rather, the same policies or practices that resulted in the non-payment of overtime to Plaintiff applies to all class members.

54. Accordingly, the class members are properly defined as:

> **All Managers who worked for Defendant within the last three (3) years who were not compensated at a rate of at least time-and-one-half their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek as a result of being misclassified as an exempt employee by Defendant.**

55. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

56. During the relevant period, Defendant violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of forty (40) hours in a work week.

57. Defendant has acted willfully in failing to pay Plaintiffs and the class members in accordance with the law.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION AGAINST DEFENDANT

58. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-57 above.

59. Plaintiff is entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) hours per workweek.

60. During her employment with Defendant, Plaintiff regularly worked overtime hours but was not paid time and one half compensation for same.

61. Specifically, Defendant misclassified Plaintiff as an exempt employee and paid her the regular hourly rate of pay for all hours worked in a week.

62. In addition, Defendant did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

63. Also, Defendant failed to post required FLSA informational listings as required by the FLSA for Plaintiff.

64. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half her regular rate of pay for each hour worked in excess of forty

(40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs

65. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

66. Plaintiff demands judgment against Defendant for the payment of all overtime hours at one and one-half times the regular rate of pay for the hours worked by her for which the Defendant did not properly compensate her, liquidated damages, or if liquidated damages are not awarded then prejudgment and post-judgment interest at the highest allowable rate, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

67. Plaintiffs demand a trial by jury.

## COUNT II - DECLARATORY RELIEF AGAINST DEFENDANT

68. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-57 above.

69. Plaintiff and Defendant have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. §1331, as a federal question exists.

70. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202

71. Plaintiff may obtain declaratory relief.

72. Defendant employed Plaintiff.

73. Plaintiff was individually covered by the FLSA.

74. Plaintiff is entitled to overtime pursuant to 29 U.S.C. §207(a)(l).

75. Defendant did not keep accurate time records pursuant to 29 U.S.C. §211(c) and 29 C.F.R. Part 516.

76. Defendant did not rely on a good faith defense.

77. Plaintiff is entitled to an equal amount of liquidated damages.

78. It is in the public interest to have these declarations of rights recorded.

79. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

80. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

81. Plaintiff demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that judgment be entered in her favor against Defendant:

a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's time worked in excess of forty (40) hours per workweek;

c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiff pre-judgment interest;

f. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so tribal as a matter of right by jury.

DATED, this the 21st day of January, 2016.

>Respectfully submitted,
>
>STEPHANIE BRYANT, on behalf of herself
>and others similarly situated
>
>*/s/ Christopher W. Espy*
>
>Christopher W. Espy, Esq. (MSB#: 102424)
>MORGAN & MORGAN, PLLC
>188 East Capitol Street, Suite 777
>Jackson, Mississippi 39236-3722
>Phone:  601-718-2087
>Fax:    601-718-2102
>Email:  cespy@forthepeople.com
>
>ATTORNEY FOR PLAINTIFF

I, Stephanie Bryant, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746 that the factual allegations in this Complaint are true and correct based on my personal knowledge.

Date: 1-21-2016

*/s/ Stephanie Bryant*
Stephanie Bryant, Plaintiff