IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**STEPHANIE BRYANT**                                                                      **PLAINTIFF**

**V.**                                                      **CAUSE NO. 3:16-CV-00032-CWR-FKB**

**FRED'S STORES OF TENNESSEE, INC.**                          **DEFENDANT**

**ORDER**

This cause comes on the *sua sponte* motion of this Court to require a hearing prior to ruling on the pending motion for entry of judgment, allowing private settlement of a dispute under the Fair Labor Standards Act ("FLSA"). The Court finds a hearing necessary to determine the existence and extent of any bona fide dispute(s) as to the number of hours worked or the amount of compensation due.

**I.      Factual and Procedural History**

Plaintiff filed her amended complaint in this action on July, 12 2016. A case management order was entered, setting a settlement conference for February 23, 2017 and a deadline for Discovery of February 28, 2017. Prior to the settlement conference and the expiration of the Discovery deadline, the parties moved this Court to approve their consent judgement, wherein they stipulate, without description, the existence of bona fide disputes.

**II.     Legal Standard**

"The general rule establishes that FLSA claims . . . cannot be waived." *Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 164 (5th Cir. 2015) (citation omitted). "Nevertheless, we have excepted, from this general rule, unsupervised settlements that are reached due to a bona fide FLSA dispute." *Id.* at 165 (citing *Martin v. Spring Break '83 Prod., LLC.*, 688 F.3d 247, 255 (5th Cir. 2012)). "[P]arties may reach private compromises as to FLSA claims where there is a bona

fide dispute as to the amount of hours worked or compensation due . . . [but] not as a compromise of guaranteed FLSA substantive rights themselves." *Martin*, 688 F.3d at 255 (quotation marks and citation omitted). "If the settlement reflects a reasonable compromise over the issues, the court may approve it." *Graham v. Jet Specialty, Inc.*, No. MO-15-CV-135-DAE, 2016 WL 7479956, at *1 (W.D. Tex. May 11, 2016) (quotation marks and citation omitted).

**III.    Discussion**

The parties have not furnished the Court with enough information to ensure that this settlement is in fact a compromise concerning hours worked or compensation due and not a compromise of substantive rights protected by the FLSA. The list of stipulations attached to the motion for entry of judgment contains only conclusory language and does not provide a single factual detail supporting the existence of a dispute. It does not, for instance, state how many hours either party claims that Bryant worked or why the number of hours she worked cannot be accurately determined through discovery. Nor does it provide detail supporting a dispute over the method of calculating plaintiff's back pay. No facts or discussion from either party that would allow the Court to determine whether or not the settlement is a reasonable compromise or that a bona fide dispute exists in the first place are enclosed. It merely contains a naked assertion that a bona fide dispute exists and states that the parties have agreed to settle for an undisclosed amount.

This Court will not approve private settlement of claims brought pursuant to the FLSA without sufficient information to determine the existence of bona fide disputes concerning the number of hours worked or the amount of compensation due. Blind approval would, in many cases, allow the exception providing for private dispute resolution to swallow the general rule that the substantive rights created by the FLSA cannot be waived.

In the absence of factual detail, any finding by this Court that plaintiff had fairly bargained away her claim for overtime compensation could never guarantee that her rights under the FLSA had been or would be vindicated.

## IV.   Conclusion

The Court defers ruling on the motion for entry of judgement. Docket No. 31. The Court will hold a hearing for the parties to furnish specific detail concerning the presence and nature of their disputes.

**SO ORDERED**, this the 6th day of April, 2017.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE